# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON CIENIAWA, | : | CIVIL ACTION NO. 1:09-CV-2130 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| DR. DENTIST DAVID WHITE, et al., | : | |
| Defendants | : | |

## **MEMORANDUM**

Plaintiff Jason Cieniawa ("plaintiff"), a state inmate formerly incarcerated at the State Correctional Institution at Camp Hill, initiated this civil rights action on November 2, 2009 (Doc. 1), naming as defendants Dr. David White, Unknown Dental Assistant, Unknown Nursing Staff, Officers Shaffer, Fordyce, Baptist, Tuso, Hunsburger, Troutman, Kotula and unknown guards, Hearing Examiners Moslak and Reisinger and other unknown members of the hearing examiner committee, Superintendent Palakovich, Captain John Horner, Rob Volciak, Health Care Administrator Teresa Law and "all other officials unknown." (Doc. 1.) Service has been effected on all named defendants except Officer Shaffer, whose waiver of service was returned unexecuted on January 8, 2010, with a notation that no such officer is located at Camp Hill. (Doc. 20.) Service has not been made on the unknown defendants.

There are a number of motions presently ripe for disposition. Initially, the court will address the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Troutman, Kotula, Moslak, Reisinger, Palakovich, Horner, Volciak, Law, White, Fordyce, Baptist, Tuso and Hunsburger. (Doc. 26.) The following miscellaneous motions filed by plaintiff will then be entertained: Motion for Order (Doc. 35); Motion for Leave to file an Amended Complaint (Doc. 36); Motion to Appoint Counsel (Doc. 37); and Motion to Compel Pre-trial Discovery (Doc. 38).

I.  **Motion to Dismiss**

   A.  **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**B.     Allegations of the Complaint**

Plaintiff first alleges that Dr. David White, an unknown nurse, and unknown dental assistant, denied him adequate medical care based on the following events:

> 1.      Dr. David proformed [sic] oral sergary [sic] on a tooth that he was broke off close to the gum line and was abscessed. No X-Ray was ever taken. Dr. David White broke the tooth off below the gum line trying to remove it, the unknown assistant told Dr. David White to call oral sergeant [sic]. Dr. David White refused and orderd [sic] unknown assistant to retrieve surgical tools. Dr. David White proformd [sic] oral sergary [sic] knowing he was not licensed or exspiranced [sic] to do so knowing the risk to the plaintiff's health and well being. Dr. Dentist David White denied proper medical care after he was questioned by the plaintiff about his actions while Dr. David White told plaintiff it was not important, he has to get the bleeding, infection and allergic reaction to penicillin under control.
>
> Date of oral sergary [sic] 8-13-09 at 0830 hours.
>
> Date of questing [sic] involving bleeding, infection, pain, allergic reaction 8-17-09 at approx. 0800 to 1500 hours.
>
> Dr. David White caused plaintiff swelling, pain, infection from 8-13-09 till approx. 9-11-09 due to his actions, denial of proper medical, etc.
>
> 2.      Unknown Dental Assistant who conspired with Dr. David White to proform [sic] said acts as Defendant David White on date 8-13-09.
>
> 3.      Unknown nures [sic] that denied medical attention from 8-13-09 to 9-11-09.

(Doc. 1, at 2, ¶¶ 1-3.) In addition, plaintiff alleges that during the course of the grievance review process, defendants Palakovich and Law, Voliak conspired to cover up the wrongs committed by Dr. White.

During the same time period, plaintiff alleges that defendants Shaffer, Troutman, Kotula, and Hunsburger conspired to deny him yard, showers, meals, and medical attention, spit dead and alive bugs in his food, and placed glass in his food and that defendant Horner ignored his complaints regarding these actions.

He also contends that defendant Shaffer physically assaulted him on or about September 5, 2009, by slamming his head into a wall while he was handcuffed behind his back and that defendant Hunsburger witnessed the assault. (Doc. 1, at 2, ¶ 4.)

He alleges that he was issued a false misconduct by defendant Tuso on August 20, 2009, for violating the rules of the Restricted Housing Unit "(RHU") and that he "pled guilty to avoid longer time for pleading not guilty." (Id. at 3, ¶ 11.) He claims that two other false misconducts were issued against him. One was issued after a September 5, 2009 cell search conducted by defendant Hunsburger resulted in the discovery of a weapon in the form of a shank. (Doc. 1, at 3, ¶ 5.) The other involved defendants Fordyce and Baptist conspiring to fabricate a misconduct for a threat on B-Block at the exit to yard at approx. 1800 hours. (Id. at ¶ 10.) He alleges that defendants Troutman and Kotula conspired with all officials in issuing false misconducts. (Id. at ¶ 6.) He further contends that hearing examiners Moslak and Reisinger, denied him witnesses, did not allow him to contact proper personnel concerning complaints made, and conspired to find him guilty of the misconduct charges. (Id. at ¶¶ 8, 9.)

5

**C.     Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id. Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of other federal laws. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004). In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp.2d 361, 372 (M.D. Pa. 2001).

  1.     Eleventh Amendment

Defendants seek to dismiss the monetary claims against them in their official capacity as barred by the Eleventh Amendment. Under the Eleventh Amendment, states and state agencies are immune from suit in federal court. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). "Because the Commonwealth of Pennsylvania's Department of Corrections is a part

of the executive department of the Commonwealth, see PA. STAT. ANN., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity." See Lavia v. Pennsylvania Dep't of Corrections, 224 F.3d 190, 195 (3d Cir. 2000). While a state may lose its immunity by Congressional abrogation or by waiver, see id., Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Moreover, the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute. See Lavia, 224 F.3d at 195; see also 42 PA. CONS. STAT. ANN. § 8521(b). The Eleventh Amendment prohibits a lawsuit against defendants sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). Therefore, defendants' motion to dismiss is granted to the extent that plaintiff seeks monetary damages against defendants in their official capacities.

      B.     Due Process

Plaintiff complains that defendant Tuso filed a false misconduct against him. The filing of a false misconduct report does not violate an inmate's rights. The general rule, as stated in Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), provides that a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law." Thus,

where a prisoner is provided due process, no constitutional violation results from his being falsely accused of misconduct.

Significantly, due process protection is not triggered unless there is a deprivation of a legally cognizable liberty interest.  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003).  Although the Supreme Court has found that the loss of good time credits entitles prisoners to appropriate due process, see Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974), the question of whether a sanction implicates a liberty interest is not answered by looking at good time credits alone.  Rather, due process requirements apply when the prison's actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 483.  "[T]he baseline for determining what is "atypical and significant" -the "ordinary incidents of prison life" -is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law."  Griffin v. Vaughn, 112 F.3d 703, 706  (3d Cir. 1997) (quoting Sandin, 515 U.S. at 486).

In the matter *sub judice*, because the sanction imposed on plaintiff is not within the four corners of the complaint, the court is unable to ascertain to what due process protections plaintiff was entitled.  Consequently, defendants' motion to dismiss the false misconduct claim against defendant Tuso will be denied.

C.  Conspiracy

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  Such allegations, however, must be made with appropriate particularity.  Rode, 845 F.2d at 1207-08.  Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge.  Id.

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.  D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials responsible for the conduct.  Oatess v. Sobolevitch, 914 F.2d 428, 432 n.8 (3d Cir. 1990). See also, Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir. 1988).

The essence of a conspiracy is an agreement or concerted action between individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545.  A plaintiff

9

must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. See id.; Rose, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16.

Viewing the complaint in the light most favorable to plaintiff, he has nevertheless failed to state a viable conspiracy claim against defendants. His allegations are conclusory and do not meet the requirement that a civil rights conspiracy claim contain specific facts that tend to show a meeting of the minds and concerted activity. He argues that defendants Moslak, Reisinger, Palakovich, Horner, Law, Volciak, Troutman, and Kotula had personal knowledge of the conditions of his confinement, the inadequate medical care and physical assault (Doc. 31, 9), but fails to specify details establishing that they had a meeting of the minds with respect to a common objective such that their actions constituted a conspiracy. Defendants' motion will be granted with respect to the conspiracy claim.

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient see Grayson, 293 F.3d at 108, unless such an amendment would be

10

inequitable or futile.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

"Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."  Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)(citing Massarsky v. General Motors 706 F2d 111, 125 (3d Cir. 1983)).  Amendment of the conspiracy claim will not cure the deficiencies set forth above.  Taking into consideration the role of each defendant within the prison system and the nature of the positions held by the individual defendants, it is clear that plaintiff is unable to go beyond conclusory allegations and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive him of protected federal rights.  Any amendment to this claim would not withstand a renewed motion to dismiss, and is therefore futile.

## II. Miscellaneous Motions

### A. Motion for Order/ Motion for Pre-trial Discovery

Plaintiff requests that the pending motion to dismiss be resolved, that defendants answer all claims against them, and that he be allowed to commence discovery. (Docs. 35, 38.)  His requests regarding resolution of the motion to dismiss and that defendants answer all claims are rendered moot based upon Part I of this memorandum.  His requests regarding pre-trial discovery will be granted; the pre-trial schedule is included in the accompanying order.  However, his request for a court order allowing him to be seen by an outside dentist will be denied.

**B.     Motion to Amend Complaint**

Plaintiff moves to amend his complaint to substitute names of defendants. (Doc. 36.)  The motion will be construed as a motion to substitute parties and is granted in that defendant "Schaeffer" will be substituted for "Shaffer" and service of the complaint will be directed upon him.  Sergeant Castle, who is named in the original complaint, but not identified as a defendant, will be added as a defendant and the complaint will be served upon him.  Plaintiff also seeks to substitute "Chambers," "Beard," and "Ditty for "unknown officers."  This request will be granted and service will be directed upon these individuals.

### C. Motion to Appoint Counsel

Plaintiff's fourth motion for appointment of counsel (Doc. 37) will be denied for the same reasons set forth in this court's prior orders denying counsel (Doc. 19, 23, 34). If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.

## III. Conclusion

Defendants motion to dismiss plaintiff's complaint (Doc. 26) will be granted in part and denied in part and defendants will be directed to file an answer with respect to all remaining claims. Plaintiff's motion for an order (Doc. 35) will be granted in part and denied in part. Plaintiff's motion for leave to file an amended complaint (Doc. 36) is construed as a motion to substitute parties and will be granted. Plaintiff's motion to commence discovery (Doc. 38) will be granted. Finally, plaintiff's fourth motion for appointment of counsel (Doc. 37) will be denied.

                                      S/ Christopher C. Conner
                                      CHRISTOPHER C. CONNER
                                      United States District Judge

Dated:       July 13, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON CIENIAWA**, | : | CIVIL ACTION NO. 1:09-CV-2130 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DR. DENTIST DAVID WHITE**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 13th day of July, 2010, upon consideration of defendants' motion to dismiss (Doc. 26) and the miscellaneous motions filed by plaintiff (Docs. 35-38), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 26) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to plaintiff's monetary damage claims against defendants in their official capacities and the conspiracy claims. The motion is denied in all other respects.

2. Defendants shall file an answer to the complaint within twenty-one days of the date of this order.

3. Plaintiff's motion for leave to file an amended complaint (Doc. 36) is construed as a motion to substitute parties and is GRANTED. The Clerk of Court is directed to TERMINATE defendant "Shaffer," and ADD new defendants "Schaeffer," "Castle," "Chambers," "Beard," and "Ditty."

4. The United States Marshal is directed to SERVE plaintiff's complaint (Doc. 1) and this order on the new defendants.

5. Plaintiff's motion for an order (Doc. 35) is GRANTED IN PART AND DENIED IN PART. The motion is denied with respect to plaintiff's request to be seen by an outside dentist. The portions of the motion concerning resolution of the motion to dismiss and having the defendants answer all claims against them are denied as moot. The motion is granted with respect to his request concerning commencement of discovery (see ¶ 7, *infra*).

6. Plaintiff's motion for pre-trial discovery (Doc. 38) is GRANTED.

7. The pre-trial schedule in the above-captioned case shall be as follows:

   a. Discovery shall be completed on or before November 15, 2010.

   b. Dispositive motions shall be filed on or before December 15, 2010.

   c. Scheduling of a final pre-trial conference and the trial date of this matter is deferred pending disposition of dispositive motions.

   Any motions or briefs filed after the expiration of the applicable deadline without prior leave of court shall be stricken from the record.

   No extensions of the pre-trial schedule shall be granted absent good cause. See FED. R. CIV. P. 16(b).

8. Plaintiff's motion for appointment of counsel (Doc. 37) is DENIED for the same reasons set forth in this court's prior orders denying counsel (Doc. 19, 23, 34). If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge