IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON CIENIAWA,** : | **CIVIL ACTION NO. 1:09-CV-2130** |
| Plaintiff : | |
| : | **(Judge Conner)** |
| v. : | |
| : | |
| **DR. DENTIST DAVID WHITE, et al.,** : | |
| Defendants : | |

## **ORDER**

AND NOW, this 7th day of May, 2012, upon consideration of various motions filed by plaintiff (Docs. 95, 98, 101, 104) it is hereby ORDERED that:

1. Plaintiff's motion to amend to attach documents (Doc. 98), motion for immediate hearing, transport order (Doc. 101), and motion for recusal (Doc. 104), are deemed WITHDRAWN for failure to file briefs in support of the motions.  See L.R. 7.5.

2. The Clerk of Court is directed to RETURN Document 99 to plaintiff.

3. Plaintiff's motion (Doc. 95) for immediate stay, motion for monetary sanctions against Laura Neal, Esq., for inquiry of defendant's existence/whereabouts, for more definite answer, and for supplemental pleading and joinder is granted in part and denied in part as follows:

    a. The request for an immediate stay is DENIED.

    b. The request for monetary sanctions against Laura Neal, Esq. is DENIED.

    c. The inquiry concerning the existence/whereabouts of defendant Corrections Officer Sheaffer is GRANTED to the extent that counsel shall VERIFY through the filing of a notice with this Court that the "Corrections Officer Jason Sheaffer", who counsel represents is the Corrections Officer Sheaffer who is identified in plaintiff's complaint at Document 1, p. 2, ¶ 4, and is the author of "Misconduct No. B109693 dated 9-04-09" (Doc. 96, at 4) and, shall further VERIFY through the filing of a waiver of service, or otherwise, that Corrections Officer Sheaffer has been served with the original complaint (Doc. 1).

    d.    The request for a more definite statement is GRANTED to the extent that defendants shall file an answer or appropriate responsive pleading to the original complaint within ten days of the date of this order.[1]  The request is DENIED in all other respects.

    e.    The request to supplement the complaint is DENIED as plaintiff primarily seeks to add additional information in support of the allegations contained in his complaint, as opposed to setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  See FED. R CIV. P. 15(d).  The request for joinder is DENIED because the individuals he seeks to add are not required parties as defined by the Federal Rules of Civil Procedure.  See FED. R. CIV. P. 19(a).

4.    The pre-trial schedule in the above-captioned case is amended as follows:

    a.    Dispositive motions shall be filed on or before June 1, 2012.

    b.    Scheduling of a final pre-trial conference and the trial date of this matter is deferred pending disposition of dispositive motions.

    c.    Any motions or briefs filed after the expiration of the applicable deadline without prior leave of court shall be stricken from the record.

    d.    No extensions of the pre-trial schedule shall be granted absent good cause. See FED. R. CIV. P. 16(b).

    S/ Christopher C. Conner  
    CHRISTOPHER C. CONNER  
    United States District Judge

---

[1] Although counsel represents that a waiver of reply (Doc. 84) has been filed on behalf of defendants (Doc. 100, at 3) in accordance with 42 U.S.C. § 1997e)g), the waiver speaks to the amended complaint (Doc. 70), which has been withdrawn.  No responsive pleading has been filed with respect to the original complaint (Doc. 1).