# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON CIENIAWA, | : | CIVIL ACTION NO. 1:09-CV-2130 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| DR. DENTIST DAVID WHITE, et al., | : | |
| Defendants | : | |

## MEMORANDUM

On November 2, 2009, plaintiff Jason Cieniawa ("plaintiff" or "Cieniawa"), a state inmate formerly incarcerated at the State Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 against various employees at SCI-Camp Hill. Presently pending is Cieniawa's "Motion to Close Case." (Doc. 125.) This filing will be construed as a motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). The motion will be granted and, for the reasons that follow, the dismissal will be with prejudice.

## I.  Background

The complaint in this action was filed more than three years ago against various employees at SCI-Camp Hill. The Court issued a memorandum and order on July 13, 2010, addressing defendants' motion to dismiss and plaintiff's motions to amend and for pre-trial discovery. (Doc. 39.) Some of the claims and defendants were dismissed, plaintiff's motions to substitute parties and for pre-trial discovery were granted, and a pre-trial schedule was set. (Id. at 15.) Discovery was to be

completed by November 15, 2010, and dispositive motions were to be filed on or before December 15, 2010. (Id.) Following the issuance of this Order, Cieniawa moved to amend his complaint. The motion was granted and he was afforded until August 20, 2010, to file an amended complaint. (Doc. 42.) However, prior to filing the amended complaint, he appealed the July 13, 2010 memorandum and order to the United States Court of Appeals for the Third Circuit. (Doc. 47.) The matter was subsequently stayed pending resolution of the appeal. (Doc. 56.) The appeal was dismissed for lack of jurisdiction on August 24, 2011. (Doc. 58.) On return from the Third Circuit, the stay was lifted and Cieniawa was again afforded the opportunity to amend his complaint. (Doc. 61.) He filed an amended complaint (Doc. 64) on October 5, 2011, which defendants moved to dismiss. (Doc. 71.) Shortly thereafter, he moved to withdraw the amended complaint. (Doc. 76.) On November 30, 2011, the motion to withdraw was granted, defendants' motion to dismiss was rendered moot and a pretrial schedule was set with regard to the remaining claims contained in the original complaint. (Doc. 81.) All discovery was to be completed by March 21, 2012, and dispositive motions were to be filed by April 4, 2012. (Doc. 81.) The parties actively pursued discovery. On May 7, 2012, the dispositive motion deadline was extended to June 1, 2012. (Doc. 106). Although the deadline was extended again, an amended scheduling order was not issued because Cieinawa filed an interlocutory appeal challenging the Order granting defendants' motion to conduct his deposition. (Docs. 115, 120-123.)

During the pendency of the appeal, he filed a "motion to close case." (Doc. 125.) On October 24, 2012, the appeal was dismissed for failure to timely prosecute. (Doc. 126.) On November 5, 2012, an order was issued directing plaintiff to notify the court on or before November 16, 2012, of whether he intended to proceed with the prosecution of this matter. (Doc. 127.) He filed a "Notice to Court to Close Case" on November 13, 2012. (Doc. 128). He states that defendants have obstructed his ability to obtain declaratory statements and other discoverable evidence, that this Court has ignored his claims of assaults and abuse and ruled "biasly and prejudicely [sic] against near every motion/issue plaintiff presented," that he has had threats on his life and well-being and was physically assaulted, and that his legal materials have been seized and placed in the trash by coworkers of the defendants. (Doc. 128.) He states that he "is forced to involuntary [sic] close this case. . ." (Id.)

## II. Discussion

As noted *supra*, Cieniawa's "Motion to Close Case" (Doc. 125) will be construed as a request for voluntary dismissal of this action. Rule 41 which addresses the dismissal of actions provides as follows:

(a) Voluntary Dismissal.

    (1)    By the Plaintiff.

        (A)    *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without court order by filing:

3

> > (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> > (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a) (1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a).

Procedurally, Rule 41(a)(1) is not available to Cieniawa because defendants have filed their answer to the complaint. (Doc. 110.) Consequently, his motion will be construed as a request for voluntary dismissal pursuant to Rule 41(a)(2) and requires a court order. Every appellate court has held that the main purpose of the requirement of court approval is to prevent voluntary dismissals which unfairly affect the rights of the defendant. See 27A Fed. Proc., L.Ed. § 62:509 (collecting cases from First, Fifth, Eighth, Tenth, and Eleventh Circuits); 9 Charles A. Wright et al., at § 2364 (collecting cases from First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, and District of Columbia Circuits). It is, therefore, well within a court's discretion to grant the dismissal with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to re-file the action. See

4

Chodorow v. Roswick, 160 F.R.D. 522, 523 (E.D.Pa. 1995). Factors to be considered in deciding whether to grant the dismissal with prejudice include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to voluntarily dismiss and his explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party. See Dodge–Regupol, Inc. v. RB Rubber Products, Inc., 585 F. Supp.2d 645, 652 (M.D.Pa .2008).

If the court dismissed this matter without prejudice, and plaintiff were to resurrect the action at some unspecified point in the future, there can be no doubt that defendants would be significantly prejudiced by the excessive and duplicative expense of a second litigation. Moreover, it is clear from the procedural history contained in the background section, *supra* at "I. Background," that significant judicial and other legal resources have already been expended on this litigation and that there has been significant forward progress.

With respect to Cieniawa's diligence in seeking dismissal, after more than three years of litigating this matter, he now claims, in a conclusory fashion without reference to time, date, or place, that defendants and their co-workers are obstructing his ability to litigate this action by failing to cooperate with the discovery process, threatening and physically assaulting him, and seizing and destroying his legal materials. As concerns defendants' alleged obstruction of the discovery process, as plaintiff is well aware, such issues are able to be addressed

5

through a properly filed motion to compel discovery. His allegations that defendants are hindering his ability to litigate by threatening and assaulting him and seizing and destroying his legal property are bald conclusory accusations and are baseless considering that he has not been incarcerated at SCI-Camp Hill since before the inception of this action.

Finally, his contention that this Court is biased because I have ruled against him on "near every motion/issue presented to this court and has ruled in favor of defendants" is without merit. (Doc. 128, at 1.) Under 28 U.S.C. § 455(a), "any justice, judge or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is required "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his/her interest or bias in a case. Lilieberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); In re Kensington Intern., Ltd., 368 F.3d 289, 301 (3d Cir. 2004). The mere fact of adverse rulings does not establish bias under 28 U.S.C. § 455(a). McDaniel v. Lanigan, Civil No. 12-3834 (AET), 2012 WL 5880371 *8 (Nov. 21, 2012, D.N.J.) (collecting cases). This is true even if the judge consistently made adverse rulings against the party, see McCalden v. California Library Assoc., 955 F.2d 1214, 1224 (9th Cir.1990): United States v. Mobile Materials, Inc., 881 F.2d 866, 877 (10th Cir. 1989), because an adverse decision, even if it is adverse on all issues raised, is not evidence of bias, especially when it is supported by the law and facts. See Gleason v. Welborn, 42 F.3d 1107, 1112 (7th Cir. 1994). Review of the lengthy docket in this case reveals

6

that throughout this litigation plaintiff filed a significant number of motions and that each motion, when properly filed, was considered by this Court and ruled on, whether in his favor or not, in accordance with the facts, prevailing law and the Federal Rules of Civil Procedure.

Due to the extent to which this matter has been litigated, and taking into consideration the judicial and other legal resources that have been invested to this point, the Court finds that it is appropriate that such dismissal shall be with prejudice.

### III. Conclusion

Based on the foregoing, plaintiff's "Motion to Close Case" (Doc. 125) will be granted. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: November 30, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON CIENIAWA,** | : | CIVIL ACTION NO. 1:09-CV-2130 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **DR. DENTIST DAVID WHITE, et al.,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 30th day of November, 2012, upon consideration of plaintiff's "Motion to Close Case" (Doc. 125), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's "Motion to Close Case" (Doc. 125) is CONSTRUED as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

2. Plaintiff's motion is GRANTED and this action is dismissed with prejudice pursuant to FED. R. CIV. P. 41(a)(2).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                                 S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge